**FILED**
**Dec 02, 2021**
**08:24 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT MURFREESBORO

| | | |
|---|---|---|
| **ALEJANDRA FRAUSTO,** | ) | **Docket No. 2019-05-1276** |
| **Employee,** | ) | |
| **v.** | ) | |
| **MARKETING & SALES MGMT.** | ) | **State File No. 93585-2018** |
| **CORP.,** | ) | |
| **Employer,** | ) | |
| **And** | ) | |
| **ERIE INS. EXCHANGE.** | ) | **Judge Dale Tipps** |
| **Carrier.** | ) | |

---

## COMPENSATION ORDER

---

The Court held a Compensation Hearing in this case on November 30, 2021. After the parties stipulated to several facts, the remaining issues are whether Ms. Frausto is entitled to additional medical treatment and permanent disability benefits. For the reasons below, the Court holds that Ms. Frausto is entitled to permanent disability benefits and lifetime medical benefits.

### Claim History

The parties agreed that Ms. Frausto suffered physical injuries in the course and scope of her employment with MSM on November 20, 2018. MSM accepted the claim and provided medical treatment. She continued to work for MSM until June 18, 2019, and her average weekly wage was $330.19.

As for the proof at trial, Ms. Frausto testified that she injured her back while wrapping items in plastic. Although it took several days after she first reported the injury, her supervisor eventually took her to a clinic.[1] She ultimately began treating with Dr.

---

[1] The majority of Ms. Frausto's testimony centered around her dissatisfaction with the way her claim was handled. This included descriptions of the initial delay in providing treatment and problems with MSM accommodating her restrictions, as well as allegations of supervisors harassing and shouting at her. As the Court explained in its Expedited Hearing Order, it is sympathetic but has no remedy available for these

David West.

Dr. West's C-32 Medical Report shows that he is an orthopedic surgeon who treated Ms. Frausto for several months in 2019. After seventeen physical therapy sessions and an MRI, he concluded that she suffered from a mechanical sprain/strain with no surgical lesion. Dr. West placed Ms. Frausto at maximum medical improvement on May 2, 2019, and assigned a one-percent permanent impairment rating, as well as some permanent restrictions.

At the hearing, Ms. Frausto complained of continuing back pain and suggested she needs more treatment. However, she admitted on cross-examination that she has declined several offers from MSM to authorize a return visit to Dr. West. Ms. Frausto also confirmed that no doctors took her completely off work and that she continued to work for MSM while treating.

**Findings of Fact and Conclusions of Law**

Ms. Frausto, as the employee in a workers' compensation claim, has the burden of proof on all essential elements of her claim. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). At a compensation hearing, she must show by a preponderance of the evidence that she is entitled to the requested benefits. *Willis v. All Staff*, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *18 (Nov. 9, 2015). Because MSM stipulated to the compensability of Ms. Frausto's injury, the Court considers her entitlement to the benefits identified in the Dispute Certification Notice.

When a worker suffers a compensable work injury, reaches maximum medical improvement, and is assigned a permanent medical impairment rating, she is entitled to receive permanent disability benefits. *See* Tenn. Code Ann. § 50-6-207(3)(A).

Here, Dr. West's one-percent impairment rating is unrebutted. Therefore, Ms. Frausto is entitled to a permanent partial impairment award of $990.59 (1% of 450 weeks multiplied by $220.13). Because she returned to work at MSM at the same rate of pay for more than 4.5 weeks, she is not entitled to increased permanent partial disability benefits. *See* Tenn. Code Ann. § 50-6-207(3)(B).

As to medical benefits, "[T]he employer or the employer's agent shall furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident[.]" Tenn. Code Ann. § 50-6-204(a)(1)(A). Since the parties have stipulated to the compensability of Ms. Frausto's injuries, MSM is responsible for her future medical treatment under this provision. Thus, she is entitled to continuing medical treatment with Dr. West.

allegations.

**IT IS, THEREFORE, ORDERED** as follows:

1. Marketing & Sales Management Corp. shall provide Ms. Frausto future medical benefits under Tennessee Code Annotated section 50-6-204(a)(1)(A). Dr. David West remains the treating physician.

2. Marketing & Sales Management Corp. shall pay Ms. Frausto permanent partial disability benefits of $990.59 in a lump sum.

3. Marketing & Sales Management Corp. shall pay to the Court Clerk the $150.00 filing fee under Tennessee Compilation Rules and Regulations 0800-02-21-.06 within five days of entry of this order.

4. Marketing & Sales Management Corp. shall file an SD-2 with the Court Clerk within five days of entry of this order.

5. Unless appealed, this order shall become final thirty days after entry.

**ENTERED DECEMBER 2, 2021.**

_____
**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Dr. David West's Form C-32 Standard Form Medical Report
2. Printout of MSM Payroll Register

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. June 30, 2021 Scheduling Order
4. MSM's Pre-Compensation Hearing Statement
5. MSM's Notice of Intent to Rely upon Medical Report of Dr. David West

## CERTIFICATE OF SERVICE

I certify that a copy of the Compensation Hearing Order was sent as indicated on December 2, 2021.

| Name | Certified Mail | Email | Service Sent To |
|------|----------------|-------|-----------------|
| Alejandra Frausto | X | X | 406 Highland Avenue Smyrna, TN 37167 fraustogabi@gmail.com |
| Catherine Dugan, Employer's Attorney | | X | cate@petersonwhite.com |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



# NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties
**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*